# Attachment 2

# Complaint

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF CALHOUN

| | |
|---|---|
| TOMMIE WRIGHT, individually, and as guardian next friend of DA'VEON MICHAEL-LEE CIESLAK (DOB: 09/09/2005)<br>　　　　　　　　Plaintiffs, | Case No: 19-847-NO<br>Hon.<br>**JOHN HALLACY** |
| V. | |
| CITY OF ALBION; SCOTT KIPP, individually and in his official capacity as Chief of Police, OFFICER TYLER COLLINS, jointly and severally,<br>　　　　　　　　Defendants. | |

---

The Law Offices of Gregory J. Rohl, P.C.
LEONARD SIUDARA (P20542)
GREGORY J. ROHL (P39185)
Attorney for Plaintiff
41850 W. 11 Mile Road
Suite 110
Novi, Michigan 48375
(248) 380-9404
Gregoryrohl@yahoo.com

---

## VERIFIED COMPLAINT

**NOW COME** Plaintiffs, TOMMIE WRIGHT, individually, and as guardian and next friend of DA'VEON CIESLAK (DOB: 09/09/2005), by and through their Counsel, LAW OFFICES OF GREGORY J. ROHL, P.C., and bring this Complaint against the above-named Defendants, their employees, agents, and successors in office, and in support of allege the following upon information and belief:

1

## INTRODUCTION

1. This case seeks to protect and vindicate fundamental rights. It is a civil rights action brought under the First, Fourth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, and Michigan's state law, challenging Defendants' acts, policies, practices, customs, and/or procedures that deprived Plaintiffs of their fundamental rights and caused severe physical, mental, and emotional harm.

2. Defendant City of Albion's (also referred to as the "City") acts, policies, practices, customs, and/or procedures, and its failure to adequately train and supervise its police officers were each a moving force behind the constitutional violations and a proximate cause for the harm caused to Plaintiffs.

3. The City and its police officials, including its Chief of Police, Defendant Scott Kipp did jointly engage in a pattern of conduct that deprived Plaintiffs of their fundamental rights and caused severe physical, mental, and emotional harm. Defendants' actions were in retaliation against Plaintiff-Minor Da'Veon Cieslak, for engaging in constitutionally protected activities.

4. Plaintiffs seek a declaration that Defendants violated clearly established rights as set forth in this Complaint; a preliminary and permanent injunction enjoining the enforcement of Defendants' unconstitutional acts, policies, practices, customs, and/or procedures as set forth in this Complaint, a judgment awarding nominal and compensatory damages against all Defendants for the harm caused to Plaintiffs; and a judgment awarding exemplary and punitive damages against certain Defendants in their individual capacities for their reckless, wanton, intentional, and outrageous conduct, which was done with an evil motive and a callous indifference to the fundamental rights of Plaintiffs. Plaintiffs also seek an award for reasonable costs of litigation, including attorneys' fees and expenses.

## JURISDICTION AND VENUE

5. This action arises under the Constitution and laws of the United States. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

6. Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, by Rules 57 and 65 of the Federal Rules of Civil Procedure, and by the general legal and equitable powers of this Court.

7. Plaintiffs' claims for damages are authorized under 42 U.S.C. § 1983, Mich. Comp. Laws § 600.291, and by the general legal and equitable powers of this Court.

8. Plaintiffs' claim for an award of his reasonable costs of litigation, including attorneys' fees and expenses, is authorized by 42 U.S.C. § 1988, Mich. Comp. Laws § 600.2911, and other applicable law.

9. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## PLAINTIFFS

10. Plaintiff Tommie Wright is an adult citizen of the United States, and resided at 602 E. Broadwell Steet, City of Albion, County of Calhoun, State of Michigan, at the time this cause of action arose, and was at all times the maternal grandmother and legal guardian of Plaintiff-Minor Da'Veon Cieslak (DOB: 09/09/2005), and within the zone of danger when the actions giving rise to the instant cause of action arose.

11. Plaintiff-Minor, Da'Veon Cieslak was at all times, material a resident of City of Albion, County of Calhoun, State of Michigan having a date of birth of 09/09/2005, and was very familiar to Defendants as having mental health issues

3

## DEFENDANTS

12. Defendant City of Albion is a municipal entity organized and existing under the laws of the State of Michigan. It is a municipal corporation with the right to sue and be sued.

13. The City and its officials are responsible for creating, adopting, approving, ratifying, and enforcing the policies, practices, customs, and/or procedures of the City, including the policies, practices, customs and/or procedures of the City Police Department, which includes the policies, practices, customs, and/or procedures for searching and arresting individuals such as Plaintiff-Minor.

14. The City's policies, practices, customs, and/or procedures were the moving force behind the constitutional violations set forth in this Complaint.

15. At all relevant times, the City trained, supervised, and employed its police officers, including Defendant Officer, Tyler Collins.

16. The City's deficient training and supervision of the Defendant was done with deliberate indifference as to their known or obvious consequences and were a moving force behind the actions that deprived Plaintiffs of their fundamental Constitutionally Protected Rights as set forth in this Complaint.

17. Defendant Scott Kipp is the Chief of Police for the City Police Department. At all relevant times, he was an agent, servant, and/or employee of the City, acting under color of state law.

18. As the Chief of Police, Defendant Scott Kipp is responsible for the acts, policies, practices, customs, and/or procedures of the police department, including those that deprived Plaintiffs of their fundamental rights as set forth in this Complaint. This includes the acts, policies, practices, customs, and/or procedures for detaining, questioning, arresting, and subduing individuals, such as Plaintiff-Minor, and for properly interacting with a handcuffed Minor with admitted mental health issues.

19. As the Chief of Police, Defendant Scott Kipp is also responsible for the training and supervision of the City's police officers, including the training and supervision of Defendant Tyler Collins; the deficient training and supervision of Defendant Officer was done with deliberate indifference as to their known or obvious consequences and were the moving force behind the actions that deprived Plaintiffs of their fundamental rights and caused them injury as set forth in this Complaint.

20. Defendant Scott Kipp is sued individually as well as in his official capacity as Chief of Police for the City Police Department.

21. At all relevant times, Defendant Tyler Collins was a police officer with the City Police Department. At all relevant times, Defendant Collins was an agent, servant, and/or employee of the City, acting under color of state law. Defendant Collins is sued individually and in his official capacity as a police officer for the City Police Department.

## STATEMENT OF FACTS

22. That on or about Saturday, November 24, 2018, at approximately 5:30 PM, Defendant Police Officer arrived at Plaintiff's home address to investigate an alleged domestic violence situation.

23. That upon information and belief, Defendant Police Officer secured information from Plaintiff Tommie Wright and her husband Michael Wright regarding possible assaultive behavior of Plaintiff-Minor. Significantly, there were no injuries apparent and Defendant Officer was well aware of Plaintiff-Minor's mental health issues. Nonetheless, Defendant Officer became confrontational with Plaintiff-Minor thereby escalating the situation. Defendant Officer further denied the Summit Point Juvenile Crisis Team member assigned to the Plaintiff-Minor, William Shumaker, an opportunity to diffuse the situation as he was trained to do. Plaintiff-Minor was at all times lawfully on his premises exercising his constitutionally protected rights.

24. That Plaintiff-Minor repeatedly indicated he had done nothing wrong and continually asked Defendant Officer why he was messing with him, without response. Plaintiff-Minor continually pleaded to be left alone with his grandmother. It was clear to all that Plaintiff-Minor was experiencing an emotional crisis.

25. That Defendant Police Officer continued to escalate the situation telling Plaintiff-Minor that he was being arrested even though Defendant Police Officer presumably had no reason to believe Plaintiff-Minor had committed a crime.

26. That Defendant Police Officer, not having a warrant, nevertheless approached and handcuffed Plaintiff-Minor and placed him in the back of a patrol car. Shortly thereafter, Defendant Police Officer pepper sprayed Plaintiff-Minor who was begging for his grandmother. Presumably because he spat at an officer after being pepper sprayed, Defendant Police Officer saw fit to pummel Plaintiff-Minor with his fists about the head and body while Plaintiff-Minor was defenseless and handcuffed in the back of the patrol car.

27. That in an attempt to justify their inhumane brutality, which Defendant Police Officer visited upon Plaintiff-Minor, Defendant City of Albion overcharged him with various criminal charges including multiple counts of assault and battery and resisting/evading/obstructing an officer, almost all of which were eventually dismissed by the 37th Judicial Circuit Court.

28. That in an attempt to address the public outrage and scrutiny on the Department occasioned by the horrific treatment of Plaintiff, Defendant Chief placed Defendant Police Officer on paid administrative leave for 30 days, but failed to take any other corrective action.

29. That without providing a warning as required by policy, Defendant Police Officer repeatedly targeted Plaintiff-Minor for additional brutality including being punched, kicked, mishandled and stomped, even after he had been subdued, and knowing fully-well that Plaintiff-Minor had mental health issues.

30. That attorney, Eusebio Solis, agreed to represent Plaintiff-Minor pro bono because he was offended by the brutality of the Defendant Police Officer's conduct and because he was aware of Defendant Police Officer's prior acts of ethnic intimidation and harassment when he attacked his adopted African American son under the banner of a Confederate flag.

31. That the policies and procedures of Defendant Police Officer's Department warn against the physical assaulting of citizens who may otherwise be mentally or physically infirm or vulnerable.

## FIRST CLAIM FOR RELIEF

(Excessive Force – Fourth Amendment)

32. Plaintiffs hereby incorporate by reference all stated paragraphs.

33. By reason of the aforementioned acts, policies, practices, procedures, and/or customs, created, adopted, and enforced under color of state law, Defendants have deprived Plaintiffs of their right to be free from unreasonable searches and seizures, and the use of excessive force, protected by the Fourth Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

34. By seizing Plaintiff-Minor and subjecting him to violent brutality which was both unnecessary and excessive while handcuffed in the back of a patrol car, without lawful authority, as set forth in this Complaint, the Defendant Police Officer violated Plaintiff-Minor's rights protected by the Fourth Amendment and Fourteenth Amendment.

35. By beating and pepper spraying Plaintiff-Minor without probable cause or any other lawful authority, as set forth in this Complaint, the City Defendants violated Plaintiff-Minor's rights protected by the Fourth and Fourteenth Amendments.

36. By instigating, directing, persuading, and encouraging, without legal justification, the level of brutality visited upon Plaintiff-Minor, the Defendant Police Officer, as set forth in this Complaint, violated Plaintiffs' rights protected by the Fourth Amendment and Fourteenth Amendment.

37. The Defendant's City Arrest Policy was the moving force behind the violation of Plaintiffs' rights protected by the Fourth and Fourteenth Amendments as set forth in this Complaint.

38. The enforcement of Defendant City's Arrest Policy against Plaintiff-Minor, as set forth in this Complaint, violated Plaintiff-Minor's rights protected by the Fourth and Fourteenth Amendments.

39. As a direct and proximate result of Defendants' violations of the Fourth Amendment and Fourteenth Amendment, Plaintiff suffered irreparable harm, including the loss of fundamental Constitutional Rights, entitling him to declaratory and injunctive relief and damages, including damages for physical, mental, and emotional harm.

40. Defendant Police Officer acted with an evil motive or reckless or callous indifference to the federally protected rights of Plaintiff-Minor, warranting punitive damages against these Defendants.

## SECOND CLAIM FOR RELIEF

(Equal Protection – Fourteenth Amendment)

41. Plaintiffs hereby incorporate by reference all stated paragraphs.

42. By reason of the aforementioned acts, policies, practices, procedures, and/or customs, created, adopted, and enforced under color of state law, Defendants deprived Plaintiff of the equal protection of the law guaranteed under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

43. The Defendant Police Officer's arrest of Plaintiff-Minor as set forth in this Complaint violated the Equal Protection Clause of the Fourteenth Amendment because the officers chose to arrest Plaintiff due to invidious discrimination. The Defendant Police Officers arrested Plaintiff-Minor because he was exercising his fundamental Constitutional Rights protected by the First Amendment. Additionally, the Defendant Police Officer singled out Plaintiff-Minor for arrest due to his race and mental condition.

8

44. The Defendant City's Arrest Policy was the moving force behind the violation of Plaintiff-Minor's rights protected by the Fourteenth Amendment as set forth in this Complaint.

45. The enforcement of Defendant City's Arrest Policy against Plaintiff-Minor, as set forth in this Complaint, violated Plaintiff-Minor's rights protected by the First and Fourteenth Amendments.

46. As a direct and proximate result of Defendants' violation of the Equal Protection Clause, Plaintiffs have suffered irreparable harm, including the loss of fundamental Constitutional Rights, entitling them to declaratory and injunctive relief and damages, including damages for physical, mental, and emotional harm.

47. Defendant Police Officer acted with an evil motive or reckless or callous indifference to the federally protected rights of Plaintiff-Minor, warranting punitive damages against these Defendants.

## THIRD CLAIM FOR RELIEF

(Conspiracy to Violate Constitutional Rights—42 U.S.C. § 1983)

48. Plaintiffs hereby incorporate by reference all stated paragraphs.

49. By reason of the aforementioned acts, policies, practices, procedures, and/or customs, created, adopted, and enforced under color of state law, the City Defendants acted jointly and conspired to violate Plaintiff-Minor's rights protected by the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

50. As set forth in this Complaint, Defendants conspired to punish and brutalize Plaintiff-Minor based upon considerations of his race and mental illness.

51. As set forth in this Complaint, Defendants conspired to have Plaintiff-Minor arrested, brutalized, and jailed by consideration of his race and mental illness.

52. As part of the conspiracy and as set forth in this Complaint, Defendant Police Officer savagely brutalized Plaintiff-Minor and then falsely imprisoned Plaintiff-Minor on or about November 24, 2018 and thereafter, in violation of Plaintiff-Minor's Constitutional Rights.

53. As a direct and proximate result of Defendants' conspiracy to violate Plaintiff-Minor's rights, Plaintiff-Minor has suffered irreparable harm, including the loss of his fundamental Constitutional Rights, entitling him to declaratory and injunctive relief and damages, including damages for physical, mental, and emotional harm.

54. Defendant Police Officer acted with an evil motive or reckless or callous indifference to the federally protected rights of Plaintiff-Minor, warranting punitive damages against these Defendants.

### FOURTH CLAIM FOR RELIEF

(Zone of Danger)

55. Plaintiffs hereby incorporate by reference all stated paragraphs.

56. By reason of the aforementioned acts, the Defendants are in violation of the protected constitutional rights of Plaintiff Tommie Wright and Plaintiff-Minor, Da'Veon Cieslak.

57. As a direct and proximate result of Defendant Police Officer's actions, Plaintiff Tommie Wright was in the zone of danger and bore witness to the brutality visited upon Plaintiff-Minor, for which she herself became likewise victimized and sustained damages as a direct consequence.

58. Plaintiff Tommie Wright is also entitled to an award of exemplary damages to compensate her for the humiliation, sense of outrage, and indignity resulting from the injuries to Plaintiff-Minor, which were maliciously, willfully, and wantonly inflicted by Defendant Police Officer.

### FIFTH CLAIM FOR RELIEF

(Claims under State Law)

59. Plaintiffs hereby incorporate by reference all stated paragraphs.

60. That the Michigan Constitution affords protection to its citizenry from acts of barbarism and brutality by police officers and recognizes claims for relief for instances where excessive force is utilized during the arrest of a citizen.

61. That Michigan Law further affords relief for acts which constitute an assault and battery and intentional infliction of emotional distress.

62. That the Plaintiff's Complaint allegations set forth facts which allow for recovery under both theories of liability recognized under Michigan law as well as for the Constitution violations as herein set forth.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ask this Court:

A) to declare that Defendants violated Plaintiffs' fundamental Constitutional Rights as set forth in this Complaint;

B) to declare that Defendants violated Plaintiffs' rights protected by Michigan law as set forth in this Complaint;

C) to permanently enjoin Defendants' Arrest Policy and its application to Plaintiff's speech and related activities as set forth in this Complaint;

D) to order the retraction of the defamatory statements made by Defendant Police Officers;

E) to award Plaintiff nominal and compensatory damages against all Defendants;

F) to award Plaintiffs exemplary and punitive damages in the amount of $10,000,000 against Defendant Police Officers in their individual capacities as set forth in this Complaint.

G) to award Plaintiff his reasonable attorney fees, costs, and expenses pursuant to 42 U.S.C. § 1988, Mich. Comp. Laws § 600.2911, and other applicable law;

H) to grant such other and further relief as this court should find just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues triable of right by a jury.

11

Respectfully Submitted,

LAW OFFICES OF GREGORY J. ROHL, P.C.

DATED: May 10, 2019

*Gregory J. Rohl*
*Attorney for Plaintiff*
41850 W. 11 Mile Road, Suite 110
(248) 380-9404


Tommie Wright (with consent)
Tommie Wright individually, and as guardian
next friend of DA'VEON MICHAEL-LEE CIESLAK
*Plaintiff*
(SIGNED WITH CONSENT – SEE ATTACHED)

C) to permanently enjoin Defendants' Arrest Policy and its application to Plaintiff's speech and related activities as set forth in this Complaint;

D) to order the retraction of the defamatory statements made by Defendant Police Officers;

E) to award Plaintiff nominal and compensatory damages against all Defendants;

F) to award Plaintiff's exemplary and punitive damages against Defendant Police Officers in their individual capacities as set forth in this Complaint;

G) to award Plaintiff his reasonable attorney fees, costs, and expenses pursuant to 42 U.S.C. § 1988, Mich. Comp. Laws § 600.2911, and other applicable law;

H) to grant such other and further relief as this court should find just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues triable of right by a jury.

Respectfully Submitted,

LAW OFFICES OF GREGORY J. ROHL, P.C.

DATED: 5/8/2019

/s/ Gregory J. Rohl
Gregory J. Rohl
*Attorney for Plaintiff*
41850 W. 11 Mile Road, Suite 110
(248) 380-9404

/s/ Tommie Wright
Tommie Wright individually, and as guardian next friend of DA'VEON MICHAEL-LEE CIESLAK
*Plaintiff*

11